﻿Citation Nr: AXXXXXXXX
Decision Date: 10/30/20 Archive Date: 10/30/20

DOCKET NO. 190805-18664
DATE: October 30, 2020

REMANDED

Entitlement to service connection for erectile dysfunction is remanded.

REASONS FOR REMAND

The Veteran served on active duty in the United States Marine Corps from March 1979 to August 1979, from November 2001 to April 2002 and from June 2009 to August 2009. 

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in various sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The AMA became effective on February 19, 2019. 

The AMA modernized review system applies to all claims for which VA issues a notice of an initial decision on or after the February 19, 2019 effective date of the modernized review system. 

In the present case, the agency of original jurisdiction (AOJ) issued the rating decision on appeal in June 2019. The Veteran filed a timely appeal of that decision using VA Form 10182 on August 5, 2019 and requested the Direct Review lane with the Board. Accordingly, the Board will consider evidence of record up to the June 25, 2019, AOJ decision. Evidence submitted outside this time frame cannot be considered.

In addition, the Board notes that one of the effects of the AMA is to narrow the set of circumstances in which the Board must remand appeals to the Agency of Original Jurisdiction (AOJ) for further development instead of immediately deciding them directly. Nevertheless, even under the AMA, the Board still has the duty to remand issues when necessary to correct a pre-decisional duty-to-assist error. See Pub L. No. 115-55 section (2)(d); 38 C.F.R. § 20.802 (a).

The Board finds that the failure of the VA to provide the Veteran with a VA examination amounts to a pre-decisional duty-to-assist error, as discussed in further detail below.

Entitlement to service connection for erectile dysfunction is remanded.

The Veteran has not undergone a VA examination for erectile dysfunction. The Veteran has reported persistent symptoms of erectile dysfunction for which he is prescribed medication satisfying the first element of service connection. The record indicates that the claimed disability may be associated with the Veteran’s service-connected back disability. However, the Board finds that the record is insufficient to deny or grant the claim for service connection for erectile dysfunction. As such, the Board finds that remand is necessary for an adequate VA opinion. See McClendon v. Nicholson, 20 Vet. App. 79 (2006); 38 C.F.R. § 3.159 (c)(4).

The Board acknowledges that it appears the Veteran failed to report for a scheduled VA examination on June 19, 2019. 

In his August 2019 Notice of Disagreement, the Veteran alleged that he did not receive proper notice of the June 2019 examination. Therefore, the Veteran asserts that the Veteran’s claim should not be denied for failure to report. 

Turning to the evidence of record, a June 19, 2019 Exam Request Modification indicates that the examination was cancelled at the Veteran’s request. The Board notes that the file does not contain any correspondence from the Veteran cancelling his examination. In fact, the file contains no indication the Veteran was ever notified of an appointment. To the contrary, the record includes an Examination Request from March 21, 2019, a Miscellaneous C&P Correspondence indicating that the order was cancelled on March 28, 2019, and a March 29, 2019 Exam Request Modification indicating that VA requested the wrong type of examination. The Board notes that the evidence of record does not contain any letter, VA Form 119, or other document reflecting that the Veteran was properly notified of his scheduled examination. Because the Board cannot determine whether the Veteran received proper notification, the Board accepts the arguments of the Veteran. Thus, having shown good cause for the Veteran’s failure to report for his VA examination, entitlement to service connection for erectile dysfunction is remanded.

The matters are REMANDED for the following action:

1. The Veteran should be afforded an examination to assess the nature and etiology of the Veteran’s erectile dysfunction. 

The examiner is asked to provide an opinion as to the whether it is at least as likely as not (a 50 percent or greater probability) that the Veteran’s erectile dysfunction is proximately due to or aggravated by his service-connected low back disability or medications taken for this condition. 

The examiner should note aggravation indicates a worsening of the underlying condition as compared to an increase in symptoms.

For each opinion requested in this remand, the claims file and a copy of this remand must be made available to the reviewing examiner, and the examiner should indicate in the report that the claims file was reviewed.

The examiner is advised that the Veteran is competent to attest to observable symptoms. If there is a medical basis to support or doubt the Veteran’s reports of symptomatology, the examiner should provide a fully reasoned explanation.

The examiner should provide a complete rationale for all opinions, whether favorable or unfavorable, and cite to specific evidence of the record, as necessary.

2. The Veteran must report for the examination or show good cause for failing to report. 38 C.F.R. § 3.655. If the Veteran fails to report his claim may be decided based on the evidence of record. 38 C.F.R. § 3.655 (b). 

If the Veteran refuses the examination or fails to report for the examination, that should be clearly documented in the record, to include evidence that the notice letter was sent to the proper address.

 

 

GAYLE STROMMEN

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board C. Sherman Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.